```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
IRIS ALVAREZ,                                       :
                                                    :
                         Plaintiff,                 :
                                                    :         MEMORANDUM AND ORDER
                 v.                                 :         20-CV-03963 (WFK)
                                                    :
COMMISSIONER OF SOCIAL SECURITY,                    :
                                                    :
                                                    :
                         Defendant.                 :
------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** Iris Alvarez ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) alleging the Commissioner of the Social Security Administration (the "Commissioner" or "Defendant") improperly denied Plaintiff's application for Social Security Disability ("SSD") benefits. Plaintiff and Defendant both move for judgment on the pleadings under Rule 12(c) and (b) of the Federal Rules of Civil Procedure. ECF Nos. 13, 17. For the reasons set forth below, Defendant's motion is GRANTED, and the Court AFFIRMS the determination of the Social Security Administration.

## BACKGROUND

Iris Alvarez ("Plaintiff") seeks review of the Commissioner's July 15, 2020 decision, which found her not disabled within the meaning of the Social Security Act (the "Act") and, as a result, ineligible for benefits under Title II of the Act. The Court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review and affirm the Commissioner's final decision. It does so now.

On April 11, 2018, Plaintiff applied for disability insurance benefits, alleging a disability onset date of July 27, 2016 due to diabetes, chronic obstructive pulmonary disease (COPD), sleep apnea, liver disease, and kidney problems. *See* Administrative Record ("Tr."), ECF No. 16 at 62, 126, 145. The Commissioner denied Plaintiff's application on July 3, 2018. *Id.* at 73. Plaintiff then appeared and testified *pro se* at a hearing before Administrative Law Judge ("ALJ") Margaret Pecoraro on August 8, 2019. *Id.* at 7-38, 96. ALJ Pecoraro rendered her decision on November

27, 2019, finding Plaintiff not disabled. *Id.* at 47-57. The Appeals Council denied Plaintiff's request for review on July 15, 2020, at which point the ALJ's decision became final and therefore subject to review by this Court pursuant to 42 U.S.C. § 405(g). *Id.* at 1-4.

On August 27, 2020, Plaintiff commenced the instant action by filing a Complaint against the Commissioner. Compl. ECF No. 1. On June 9, 2021, Plaintiff moved for a Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Pl. Mem., ECF No. 13. On September 1, 2021, Defendant filed a cross motion for Judgment on the Pleadings . Def. Mem., ECF No. 17.

For the reasons set forth below, the Court GRANTS Defendant's motion for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(c) and (b) at ECF No. 17.

## DISCUSSION

### I.     Standard of Review

When a claimant challenges the Social Security Administration's ("SSA") denial of disability benefits, the Court's function is not to evaluate *de novo* whether the claimant is disabled, but rather to determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *amended on reh'g*, 416 F.3d 101 (2d Cir. 2005); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]"); *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (applying a "substantial evidence" standard of review). Substantial evidence is "more than a mere scintilla"; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of N.Y., Inc. v. NLRB*, 305 U.S. 197, 229 (1938)).

The substantial evidence test applies not only to the Commissioner's factual findings, but also to inferences and conclusions of law drawn from those facts. *See Carballo ex rel. Cortes v. Apfel*, 34 F. Supp. 2d 208, 214 (S.D.N.Y. 1999) (Sweet, J.). In determining whether the record contains substantial evidence to support a denial of benefits, the reviewing court must examine the entire record and weigh the evidence on both sides to ensure the claim "has been fairly evaluated." *See Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983)).

"The phrase 'substantial evidence' is a 'term of art' used throughout administrative law to describe how courts are to review agency factfinding." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *T-Mobile South, LLC v. Roswell*, 135 S. Ct. 808, 815 (2015)). "[W]hatever the meaning of 'substantial' is in other contexts, the threshold 'is not high'" in the context of judicial review of SSA decisions. *Id.* at 1154. In any case, it is the function of the SSA, not the Court, "to resolve evidentiary conflicts and to appraise the credibility of witnesses, including the claimant." *Carroll v. Sec'y of Health & Human Servs.*, 705 F.2d 638, 642 (2d Cir. 1983) (citing *Richardson*, 402 U.S. at 399); *see also Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998) ("[I]t is up to the agency, and not th[e] court, to weigh the conflicting evidence in the record[.]").

While the ALJ need not resolve every conflict in the record, "the crucial factors in any determination must be set forth with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence." *Calzada v. Asture*, 753 F. Supp. 2d 250, 268-69 (S.D.N.Y. 2010) (Sullivan, J.) (internal quotation marks omitted) (citing *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984)). To fulfill this burden, the ALJ must "adequately explain his reasoning in making the findings on which his ultimate decision rests" and must "address all pertinent evidence." *Kane v. Astrue*, 942 F. Supp. 2d 301, 305 (E.D.N.Y. 2013)

(Kuntz, J.) (quoting *Calzada*, 753 F. Supp. 2d at 269). "[A]n ALJ's failure to acknowledge relevant evidence or to explain its implicit rejection is plain error." *Id.* (internal quotation marks and citations omitted). Remand is warranted when "there are gaps in the administrative record or the ALJ has applied an improper legal standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999).

**II.     Analysis**

The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). The impairment in question must be of "such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423(d)(2)(A).

To determine whether a claimant is disabled, the Commissioner must apply the five-step sequential process set forth in 20 C.F.R. § 404.1520. *See, e.g.*, *Rosa*, 168 F.3d at 77. The claimant bears the burden of proving the first four steps, then the burden shifts to the Commissioner at step five. *See Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009).

First, the Commissioner must determine whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is not so engaged, the second step directs the Commissioner to determine whether the claimant has a "severe medically determinable physical or mental impairment." *Id*. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, or combination of impairments, the third step instructs the Commissioner to determine whether the impairment or combination of impairments meets or equals one of the impairment listings

provided in Appendix 1 to 20 C.F.R. Part 404, Subpart P. *Id*. § 404.1520(a)(4)(iii). If the claimant's impairment does not match any of the listings, the fourth step is to determine whether the claimant's residual functional capacity ("RFC") allows the claimant to perform their past relevant work. *Id*. § 404.1520(a)(4)(iv). If the claimant cannot perform their past relevant work, the final step is to determine whether the claimant can perform another job that exists in the national economy based on their RFC, work experience, age, and education. *Id*. § 404.1520(a)(4)(v). As stated, at this final step the burden shifts to the Commissioner to show there are no jobs the claimant can do. *Poupore*, 566 F.3d at 306.

ALJ Pecoraro followed the five-step procedure outlined above before determining Plaintiff was not disabled within the meaning of the Act. Tr. at 49-59. The ALJ found in Plainitff's favor with respect to steps one through three. Specifically, the ALJ found (1) Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date, April 9, 2019, *id.* at 49; (2) Plaintiff had the severe impairments of COPD, sleep apnea, diabetes mellitus, and obesity, *id.* at 50; and (3) Plaintiff's impairments did not equal or otherwise meet the impairment criteria in the Listings in Appendix 1, *id.* at 51. However, the ALJ concluded Plaintiff was not disabled at step four. Specifically, the ALJ found with respect to Plaintiff's RFC, (4) Plaintiff had the ability to perform light work as defined in 20 C.F.R. § 414.1567(b), *id.*, and, thus that Plaintiff could perform her past relevant work as an administrative assistant and customer-service representative irrespective of her impairments, *id.* at 57. Accordingly, ALJ Pecoraro deemed Plaintiff not disabled within the relevant period and therefore ineligible for disability benefits. *Id.* at 57.

Plaintiff challenges the ALJ's decision on a number of grounds. First, Plaintiff argues the ALJ did not carry out her affirmative responsibility to resolve an apparent discrepancy between the vocational expert's ("VE") testimony and the Dictionary of Occupational Titles, thereby

–5–

violating Social Security Ruling ("SSR") 00-4p. Pl. Mem. at 4 (noting SSR 00-4p imposes a duty on the ALJ "to elicit a reasonable explanation for any apparent unresolved conflict between the VE evidence and the DOT, and to explain the resolution of the conflict before relying on the VE evidence in the decision."). In particular, Plaintiff challenges an exchange between the ALJ and VE, during which the ALJ posed a hypothetical involving an employee limited to sedentary work. Tr. at 51-57. During this conversation, ALJ Pecoraro asked whether an employee limited to sedentary work would be capable of performing the jobs of an administrative assistant (DOT 237.367-038) and customer service representative (DOT 205.362-026)—Plaintiff's past relevant employment, Tr. at 51-57. *See* Pl. Mem. at 4. The VE responded affirmatively, but incorrectly stated the customer service position is classified as sedentary in the DOT. *Id.* It is not. Rather, customer service positions are listed as "light." *Id.* at 5. Yet, the ALJ did not question the VE further on this matter.

Plaintiff argues the dialogue between the ALJ and VE during this hypothetical evinces the ALJ's failure to investigate the inconsistency between the VE's testimony and the DOT, and thus demonstrates the ALJ failed to uphold her responsibilities as articulated by the Second Circuit in *Lockwood v. Commissioner of Social Security Administration*, 914 F .3d 87 (2d. Cir. 2019) (reasoning SSR 004p obligates presiding ALJs to resolve apparent conflicts between the testimony of vocational experts and what is stated in the Dictionary of Occupational Titles).

Plaintiff's argument here would be more persuasive if the ALJ's finding, that Plaintiff is not disabled, rested on this hypothetical alone. It did not. The ALJ found Plaintiff had the RFC to perform light work. Tr. at 51. Indeed, the first hypothetical ALC Pecoraro posed involved a limitation to light work. *Id.* at 34. It is of no real consequence the VE incorrectly stated the DOT listed customer service positions as light because Plaintiff was found capable of performing either

sedentary or light work. *Id.* at 51. Moreover, even if Plaintiff were incapable of performing work as a customer service representative based on her impairments, Plaintiff does not suggest she could not perform her previous work as an administrative assistant. More plainly, based on the record and upon consideration of Plaintiff's established residual capacity, Plaintiff would be able to perform her past relevant work as an administrative assistant. Therefore, the ALJ correctly found Plaintiff not disabled at step four of her analysis.

Furthermore, this Court is finds the ALJ carefully considered Plaintiff's symptoms in accordance with 20 C.F.R. § 404.1529, which sets forth the process for evaluating symptoms, and SSR 16-3p, which sets forth the process for evaluating symptoms in disability claims. Tr. at 51. This Court also finds the ALJ properly considered the medical opinions and prior administrative medical findings pursuant to 20 C.F.R. § 404.1520c. *Id.* at 51-56. This Court also agrees with the ALJ's conclusion, based on the record as a whole, that Plaintiff's testimony regarding her alleged symptoms, *id.* at 20-23, 55, was not entirely substantiated by the medical evidence on record, *id.* at 55-57.

It is important to note the ALJ did not jump to this conclusion by any means. She considered the ample evidence before her, which, again, included: Plaintiff's extensive treatment records, *id.* at 369-82; 390-614, pulmonary function tests, imaging results, consultative examination findings, *id.* at 344-52, and opinion, *id.* at 345-49, medical experts' non-examining assessments, *id.* at 68-70, and Plaintiff's own testimony, *id.* at 55. It was only after she carefully reviewed the objective medical evidence on record that the ALJ concluded, while "the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms…the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the

record…which has not identified a continuing disorder that would correspond in severity to the degree of limitation and restrictions alleged by the claimant." *Id.* at 55-56.

Indeed, it was only "[a]fter careful consideration of the entire record" the ALJ found "through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that the claimant would need to avoid exposure to extremes of heat and cold, wetness, humidity, fumes, dust, odors, gases and poor ventilation[,]" *id.* at 51, and "[t]hrough the date last insured, the claimant was capable of performing past relevant work as an administrative assistant and as a customer service representative….[as] [t]his work did not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565)." *Id.* at 57. Put plainly, the ALJ determined, based on her review of the entire administrative record, Plaintiff was not disabled at the fourth step of her analysis because Plaintiff had the RFC to perform her past relevant work. *Id.* at 57.

Upon careful review of the record, the Court concludes the ALJ applied the correct legal standards and finds the decision of the ALJ was supported by substantial evidence. *See Bistek,* 139 S. Ct. at 1157 ("[W]hatever the meaning of 'substantial in other contexts," in the context of Social Security decisions, 'it is not high.'"). The Court is satisfied with the ALJ's review of the administrative record and finds the ALJ reasonably resolved the evidentiary disputes in this matter, as she is empowered to do. Moreover, the Court is satisfied with the ALJ's determination Plaintiff had the RFC to perform light work, Plaintiff could perform work as an administrative assistant, and possibly as a customer service representative, as well—her past relevant positions—and thus Plaintiff is not disabled within the meaning of the Act. Accordingly, the Court affirms the ALJ's decision and grants Defendant's cross-motion for judgment on the pleadings. *See* 42 U.S.C. §

405(g) (The "findings of the Commissioner of Social security as to any fact, if supported by substantial evidence, shall be conclusive[.]").

## CONCLUSION

For the foregoing reasons, Defendant's motion for judgment on the pleadings, ECF No. 17 is GRANTED and Plaintiff's motion for judgement on the pleadings, ECF No. 13, is DENIED. The Court hereby AFFIRMS the decision of the Social Security Administration. The Clerk of Court is respectfully directed to terminate all pending motions and close this case.

SO ORDERED.

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: March 10, 2023
       Brooklyn, New York